## TEMPLETON and Wife *v.* CLARY.

After several continuances of a cause commenced by a feme sole, but previously to any other plea, the defendant pleaded in abatement, that the plaintiff, pending the writ, viz. on, &c., had married; and that her husband was still living. The plea was verified by affidavit; and the day on which the coverture was averred to have taken place, was subsequent to the last continuance.

*Held*, that the plea could not be rejected on motion, for not expressly alleging the coverture to have taken place *puis darrein continuance*. Such an objection for uncertainty, if good, should be made on demurrer.

APPEAL from the *Fayette* Circuit Court.—Case by *L. Clary*, a feme sole, against *Templeton* and wife, for slanderous words spoken by the wife concerning the plaintiff. The venue had been changed from *Franklin* county to *Fayette*.

BLACKFORD, J.—This was an action by a feme sole. After several continuances, the defendants below pleaded the general issue, upon which a verdict and judgment were given for the

plaintiff. That judgment was afterwards reversed upon a writ of error, and the proceedings subsequent to the plea inclusive, were set aside. At the first opportunity after the cause was re- manded, the defendants pleaded in abatement, that the plaintiff, pending the writ, viz. on the 23d of *July*, 1818, had married, and that her husband was still living. This plea, verified by affidavit, was, upon motion, set aside by the Circuit Court. Judgment was afterwards entered by default, damages were assessed, and a final judgment was rendered for the plaintiff.

The question for our consideration is, was the Court correct in rejecting the plea upon motion? It is contended by the appellee that the plea, being offered after a general imparlance, could not be received for want of the words *puis darrein continuance*. The appellants argue, that, before issue joined, the coverture might be pleaded *pending the writ;* or if not, still, the day of the coverture as stated in the plea being subsequent to the last continuance, as was apparent to the Court from the previous proceedings, they contend that the motion to reject the plea should have been overruled. We give no opinion at present as to the sufficiency of this plea. The objection urged against it for uncertainty, whether well founded or otherwise, could only have been brought before the Circuit Court for decision by means of a demurrer. The motion to reject the plea was irregular, and should have been overruled by the Court below.

*Per Curiam.*—The judgment is reversed, and, except the change of venue, the proceedings subsequent to the motion to reject the plea are set aside, with costs. Cause remanded, &c.

*Caswell*, for the appellants.
*Test*, for the appellee.